# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

GARY LEON WEBSTER                                                                  PLAINTIFF
ADC #114018

v.                                         CASE NO. 3:19-CV-00088 BSM

JEAN TATE, et al.                                                                  DEFENDANTS

## ORDER

Gary Webster's lawsuit is dismissed for failure to state a claim upon which relief can be granted and his motion for leave to proceed *in forma pauperis* [Doc. No. 6] is denied.

Webster filed a pro se civil rights complaint pursuant to 42 U.S.C. section 1983 [Doc. Nos. 1, 7] claiming that his former landlady, Jean Tate, and property manager, Emit Gains, violated his human and civil rights by entering his home without permission and stealing items from him. Doc. No. 2 at 4–6.

Because Webster is currently incarcerated, his complaint must be screened. *See* 28 U.S.C. § 1915. A lawsuit must be dismissed if the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a claim under section 1983, a plaintiff must show that the defendants acted under color of state law. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). If the defendants are private actors, the plaintiff must show that they were "willful participant[s] in a joint activity with the State in denying plaintiff's constitutional rights," *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (internal

quotation omitted). At the very least, he must show that "there was a mutual understanding, or a meeting of the minds, between the private party and state actor." *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal quotation omitted).

Based on Webster's complaint, the defendants are private actors and nowhere does he allege a meeting of the minds or joint activity between the defendants and any state actor. Accordingly, Webster has failed to state a section 1983 claim against defendants and his lawsuit is dismissed without prejudice. An *in forma pauperis* appeal would not be taken in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. section 1915(g).

IT IS SO ORDERED this 17th day of May 2019.

                                                      UNITED STATES DISTRICT JUDGE